S. LANE TUCKER
United States Attorney

SETH BRICKEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: seth.brickey-smith@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>TRAVIS LARSON, and ALASKA PREMIER SPORTFISHING, LLC,<br><br>        Defendants. | No. 3:23-cr-00036-SLG-KFR<br><br>COUNTS 1–4:<br> VIOLATION OF THE LACEY ACT—<br> UNLAWFUL TRANSPORTATION OF<br> WILDLIFE<br>  Vio. of 16 U.S.C. § 3372(a)(2)(A) and 16 U.S.C. § 3373(d)(1)(B)<br><br>COUNTS 5–6:<br> VIOLATION OF THE LACEY ACT—<br> MAKING FALSE RECORD<br>  Vio. of 16 U.S.C. § 3372(d) and 16 U.S.C. § 3373(d)(3)(A)<br><br>CRIMINAL FORFEITURE ALLEGATION:<br>  16 U.S.C. § 3374(a)(2); 28 U.S.C. § 2461(c); and Rule 32.2(a)<br><br>FINDINGS AS TO FORFEITURE NEXUS:<br>  16 U.S.C. § 3374(a)(2); 28 U.S.C. § 2461(c); and Rule 32.2(a) |

# INDICTMENT

The Grand Jury charges that:

## RELEVANT LAW AND REGULATIONS

1. Pursuant to the Lacey Act, 16 U.S.C. § 3372(a)(2)(A), it is unlawful for any person to transport, sell, receive, acquire, or purchase in interstate or foreign commerce, any wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State.

2. Pursuant to Alaska Statute § 16.05.408, it is unlawful for a nonresident alien to hunt, pursue, or take a big game animal as defined by the Board of Game unless personally accompanied by a registered guide-outfitter or a master guide-outfitter licensed under Alaska Statute 08.54 who is providing big game hunting services to the nonresident alien under a contract with the nonresident alien; or a class-A assistant guide or an assistant guide licensed under Alaska Statute 08.54 who is employed by a registered guide-outfitter or a master guide-outfitter who has a contract to provide big game hunting services to the nonresident alien.

3. Pursuant to the Lacey Act, 16 U.S.C. § 3372(d), it is unlawful for any person to make or submit any false record, account, or label for, or any false identification of, any wildlife, which has been, or is intended to be transported in interstate or foreign commerce.

## COUNTS 1–4

On or about May 9, 2018, through on or about May 11, 2018, within the District of Alaska, the defendants, TRAVIS LARSON and ALASKA PREMIER SPORTFISHING,

LLC, did knowingly transport, sell, receive, acquire, and purchase in interstate commerce, wildlife with a market value in excess of $350, which TRAVIS LARSON and ALASKA PREMIER SPORTFISHING, LLC, knew was taken, possessed, transported and sold in violation of the laws and regulations of the State of Alaska, to wit: Alaska Statute § 16.05.408, in that TRAVIS LARSON and ALASKA PREMIER SPORTFISHING, LLC, transported four black bears they knew had been hunted and taken by M.B., L.F., F.L., and R.F., nonresident aliens and Norwegian citizens, who were not under contract with and personally accompanied by a registered guide-outfitter, master guide-outfitter, a class-A assistant guide, and an assistant guide licensed under Alaska Statute 08.54, with each being a separate and distinct count, as shown in the chart below:

| Count | Date of Kill | Client | Species | Hunt Cost | Dates of Transport |
|---|---|---|---|---|---|
| 1 | May 9, 2018 | M.B. | Black Bear | $3,500.00 | May 9–11, 2018 |
| 2 | May 10, 2018 | L.F. | Black Bear | $3,500.00 | May 10–11, 2018 |
| 3 | May 10, 2018 | F.L. | Black Bear | $3,500.00 | May 10–11, 2018 |
| 4 | May 10, 2018 | R.F. | Black Bear | $3,500.00 | May 10–11, 2018 |

All of which is in violation of 16 U.S.C. § 3372(a)(2)(A) and 16 U.S.C. § 3373(d)(1)(B).

COUNT 5–6

On or about May 11, 2018, within the District of Alaska, the defendants, TRAVIS LARSON and ALASKA PREMIER SPORTFISHING, LLC, made and submitted a false record of wildlife, which had been, and was intended to be transported in interstate and

foreign commerce, to wit, from the State of Alaska to Norway, that is, by making and certifying State of Alaska Transporter Activity Reports (TAR) which falsely reported four black bears were transported from Nuka Island when in truth the four black bears had been harvested and transported from Beauty Bay and Surprise Bay, as shown in the chart below, with each being a separate and distinct count:

| Count | False Record | Wildlife Recorded | Recorded Location | Actual Location |
|---|---|---|---|---|
| 5 | TAR #39401 | 2 Bears | Nuka Island | Beauty Bay |
| 6 | TAR #39402 | 2 Bears | Nuka Island | Beauty Bay and Surprise Bay |

All of which is in violation of 16 U.S.C. § 3372(d) and 16 U.S.C. § 3373(d)(3)(A).

CRIMINAL FORFEITURE ALLEGATION

The allegations contained in Counts 1–4 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 16 U.S.C. § 3374(a)(2); 28 U.S.C. § 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

Upon conviction of Counts 1–4 of this Indictment, the defendants, TRAVIS LARSON and ALASKA PREMIER SPORTFISHING, LLC, shall forfeit to the United States pursuant to 16 U.S.C. § 3374(d) and 28 U.S.C. § 2461(c), any vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, and purchasing of wildlife involved in the commission of the offense, including, but not limited to:

//

1. the 65-foot vessel *Venturess*, Primary Vessel No. 684474, Boat No. AK 7354AV; and

2. the 16-foot NAIAD aluminum-hull motorboat, Boat No. AK 7641N.

All pursuant to 16 U.S.C. § 3374(a)(2); 28 U.S.C. § 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## FINDINGS OF PROBABLE CAUSE AS TO FORFEITURE NEXUS

The grand jury further finds probable cause to believe that upon conviction of the offenses set forth in Counts 1–4 of this Indictment, the defendants TRAVIS LARSON and ALASKA PREMIER SPORTFISHING, LLC, shall forfeit to the United States of America as the instrumentalities used to commit those offenses, pursuant to 16 U.S.C. § 3374(a)(2), all vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, and purchasing of wildlife involved in the commission of those offenses, including, but not limited to:

1. the 65-foot vessel *Venturess*, Primary Vessel No. 684474, Boat No. AK 7354AV held in the names of TRAVIS LARSON and ALASKA PREMIER SPORTFISHING, LLC; and

2. the 16-foot NAIAD aluminum-hull motorboat, Boat No. AK 7641N held in the name of TRAVIS LARSON.

//

//

//

//

All pursuant to 16 U.S.C. § 3374(a)(2); 28 U.S.C. § 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL.

<u>s/ Grand Jury Foreperson</u>
GRAND JURY FOREPERSON

<u>s/ Seth Brickey</u>
SETH BRICKEY
Assistant U.S. Attorney
United States of America

<u>s/ S. Lane Tucker</u>
S. LANE TUCKER
United States Attorney
United States of America

DATE: <u>April 19, 2023</u>